UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEADMAN CONCEPTS, INC.** | * | CIVIL ACTION NO. _____ |
| plaintiff | * | |
| | * | |
| **VERSUS** | * | JUDGE _____ |
| | * | |
| **PLANET BEACH FRANCHISING CORP.** | * | |
| defendant | * | MAGISTRATE _____ |
| | * | JURY TRIAL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiff, STEADMAN CONCEPTS, INC., through its undersigned counsel, for its Complaint against the defendant, alleges as follows:

### **JURISDICTION**

1. This Court has jurisdiction because the amount in controversy and the value of the contract at issue exceed $75,000, and because there is complete diversity between the parties, all as provided for in 28 U.S.C. § 1332.

### **PARTIES AND VENUE**

2. Plaintiff is and was at all times mentioned herein a legal entity duly incorporated in the State of Tennessee and domiciled in Hamblen County, Tennessee.

3. The claims described in this complaint arose within this district and the defendant is domiciled in this district, therefore, venue is proper pursuant to 28 U.S.C. §1391.

4. Made Defendant herein is **Planet Beach Franchising Corporation**, formerly a corporation organized and existing under the laws of the State of Louisiana, but who has now merged

with Planet Breach Franchising Corporation, a corporation organized and existing under the laws of the State of Nevada.

## FACTS

5. Steadman Concepts, Inc. entered into two separate Franchise Agreements with Planet Beach Franchising Corporation ("Planet Beach") for the purpose of constructing, operating, and owning two tanning salons in Tennessee. The first Agreement was executed on July 18, 2006 and the second on September 5, 2006. A copy of the July 18, 2006 Agreement is attached hereto as Exhibit "A" and referenced to hereafter as "Agreement."

6. From the beginning of the franchise relationship, Planet Beach failed to provide the products, services, and resources that were promised or guaranteed in the Agreement or in the Uniform Franchise Circular Offer ("UFCO"), which was provided to Steadman by Planet Beach. And such promises or guarantees were relied on by Steadman in entering into the Agreement with Planet Beach. Had Steadman known the truth, namely that the promises or guarantees were misrepresentations, she would not have entered into any agreement with Planet Beach and would not have become a Planet Beach franchisee.

7. Examples of such failures include the following:

   A. A "Grand Opening Specialist," as provided for in Section 9.3 of the Agreement, was not timely provided, which limited pre-sale for the salon;

   B. Multiple request for information and advice, as provided for in Section 10 of the

Agreement, were either not answered at all or done so untimely - all to the disadvantage of Steadman;

C. Pursuant to Section 11.7, franchisees must order products and services through Planet Beach and their approved vendors. However, more often than not, the products are on back-order and unavailable to franchisees for resale in their salon. And Steadman has been advised on more than one occasion that the back-order is as a result of Planet Beach's failure to pay the vendors, despite having been paid by the franchisees. The lack of products for re-sale has been damaging to Steadman's business.

D. Sections 11.9 and 12.3 relate to the use of computers and technology required by the franchisor. The Agreement did not, however, provide that the franchisee (Steadman) would be charged a license fee, which was drafted without Steadman's knowledge.

E. Also as to computer software and technology, which is to be supported by Planet Beach pursuant to the Agreement, system crashes occur on a regular basis and can take up to two weeks to repair.

F. Planet Beach instituted new software that all franchisees had to use and require the franchisees to attend a class(es) on the software. However, when attending the class, it became readily apparent that no one at the training session was knowledgeable as to the real effects of the new software nor could anyone advise what the expense would be to the franchisees. This lack of support or knowledge on the part of Planet Beach is directly contrary to the representations made in this Agreement and in the UFCO regarding what Planet Beach would provide its franchisees via technical resources and support. Furthermore, since the training session, Steadman has learned that Planet Beach is now requiring franchisees to pay Planet Beach $199.95 per month as a technical support fee (it was previously $49.95 per month).

G. As for Section 11.13 on Memberships and Reciprocity, in January 2009, Planet Beach issued a new Membership policy that took the entire means of operation to a level that destroyed what Steadman had bought into and the new policy institutes changes that are difficult, if not impossible, to comply with.

H. Sections 12.7 - 12.9 of the Agreement address credit card fees, payment procedures,

VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

and refunds. Nothing in this section, however, advises a franchisee that payment will be drafted whether or not an invoice has been sent to the franchisee, which Planet Beach does on a regularly basis. And this is despite oral representations by Planet Beach to multiple franchisees that invoices would always be provided to a franchisee before any payment/fee was drafted from their account(s).

I. Planet Beach advised Steadman that the fund provided for in Section 15.3 and 15.3.1 of the Agreement was to be used for marketing for franchisees. Steadman has learned, however, that the fund is used primarily, if not solely, to fund the Miss Planet Beach International contest and not for marketing.

J. Planet Beach regularly institutes new requirements that franchisees carry new, over-priced products, which cost the franchisees to participate, without notice to the franchisees.

K. Planet Beach has drastically changed its entire company objectives, requirements, goals, and target customers since Steadman originally executed the Agreements in 2006.

L. Steadman relied on the representations by Planet Beach as to the type of business Planet Beach promoted and supported, namely a tanning salon. Steadman did not, however, intend or desire to purchase a franchise for the purpose of running or owning a "contempo spa," as now required by Planet Beach, which is aimed at a completely different clientele and requires additional equipment, products, training, and expenses to their franchisees.

M. Assurances by Planet Beach that expenses for a tanning salon would be substantially less as a franchisee of Planet Beach, due to the company's "buying power," has proved to be completely false and was a material misrepresentation relied on by Steadman in deciding to become a franchisee of Planet Beach. Based on information from various vendors, Planet Beach charges its franchisees more than a non-franchisee would pay for like-kind equipment and products.

8. Steadman relied on the representations by Planet Beach as to the resources, products, and services that Planet Beach promised to provided Steadman as a franchisee. And the failures to provide such resources, products, and services, as listed above, has drastically

VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

affected and damaged Steadman financially and emotionally.

9. Despite the fact that the entire contract should be rescinded and its provisions deemed inapplicable, Steadman did give notice pursuant to the Agreement detailing her issues, concerns, and complaints. Such written notice was provided to Planet Beach's Corporate Counsel (Dawn Diaz), Vice President of Franchise Relations (Katie Moll), Corporation Communications Manager (Christina Blanco), Steadman's In-House Spa Consultant (Amy Reiser), President/Chief Executive Officer (Steve Smith), and Vice President/Chief Operating Officer (Rick Juka) on or about March 25, 2009 (Exhibit "B").

10. Due to the fact Planet Beach failed to adequately address those issues raised in Steadman's March 25, 2009 letter, notice of her intent to file suit was forwarded to Planet Beach's Director of Franchise Relation, Ombudsmen, and Registered Agent on August 7, 2009 (Exhibit "C" - attachments to August 7th letter excluded).

11. Despite the August 7th letter requesting a response within 30 days (or suit would be filed), it was not until September 28, 2009, after communications between Steadman's counsel and counsel for Planet Beach, a written response to the March 25, 2009 letter was finally received (Exhibit "D").

12. In the September 28th correspondence, counsel for Planet Beach referenced various provisions of the UFOC in responding to Steadman's concerns. Some of these references, however, are inaccurate or are not in the version of the UFCO that was provided to

VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

Steadman, namely the UFOC issued on March 31, 2006.  And no other version of the UFCO has ever been provided to Steadman.

13. This lawsuit is a result of the fact the September 28, 2009 correspondence failed to address the concerns that were described in the March 25, 2009 correspondence and evidenced Planet Beach's lack of intent to address Steadman's various issues in good faith.

14. As the Agreement was induced and secured by fraud and/or error, the various venue, forum, dispute resolution, and choice of law provisions found in the Agreement are null and, thus, inapplicable as the entire Agreement should be rescinded.

## CAUSES OF ACTION & DAMAGES

15. Paragraphs 1 - 14 are incorporated herein by reference.

16. Planet Beach, through its acts, omissions, and/or conduct, has breached the Agreement, arguably in bad faith, due to its intentional failure to perform in the manner provided for in the Agreement.

17. The Agreement should be vitiated due to vice of consent.  Steadman relied on various promises, promotions, and contractual agreements in entering into the Franchise Agreement, which were either inaccurate, made in error, or were fraudulently misrepresented.  These fraudulent statements and misrepresentations relate to the cause of the Agreement and had Steadman known the truth, she would not have entered into any agreement with Planet Beach.

VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

18. The Agreement should be vitiated due to Planet Beach's silence as to various requirements or intentions of Planet Beach, which equates to a vice of consent based on error or fraud.

19. Planet Beach has used unfair methods of competition and unfair or deceptive acts or practices in violation of the Unfair Trade Practices and Consumer Protection laws, namely 15 U.S.C. § 45 and La. R.S. 51:1405.

20. Planet Beach's acts, omissions, and/or conduct violate federal franchising laws, namely 16 C.F.R. §436, *et seq.*

21. Planet Beach has breached implied and expressed covenants of good faith and fair dealing.

22. Steadman justifiably and detrimentally relied on the promises, statements, representations, and conduct of Planet Beach, and such reliance induced Steadman to enter Franchise Agreements with Planet Beach.

23. Steadman is entitled to a complete rescission of the contract, as it is the most practical remedy, and all related damages, pursuant to Louisiana Code of Civil Procedure article 1948, *et seq.*

24. Alternatively, should the Court find rescission is not practical, Steadman is entitled to damages due to vice of consent, as provided for under Louisiana law.

25. Alternatively, Steadman is entitled to damages due to Planet Beach's bad faith breaches of the Agreement, including but not limited to loss of existing business, loss of business

VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

opportunities, and lost profits, in addition to all other damages allowed under Louisiana law.

26. Alternatively, Steadman is entitled to damages due to Planet Beach's breaches of the Agreement, as provided for under Louisiana law.

27. Finally, Steadman requests a jury trial on all issues.

VILAR &
ELLIOTT, L.L.C.
ALEXANDRIA, LOUISIANA

WHEREFORE, Plaintiff respectfully prays for the following:

1. Judgment against the defendant in favor of Steadman Concepts, Inc. for rescission of the two Franchise Agreements with Planet Beach and all related damages;

2. Alternatively, judgment against the defendant and in favor of Steadman Concepts, Inc. for general damages due to Planet Beach's breach(es) of the Agreements;

3. For the costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances or as provided for in the Franchise Agreements and as provided by law; and

4. For trial by jury on all issues.

                Respectfully submitted,

                **VILAR & ELLIOTT, L.L.C.**

        By:    /s/ Barbara Bell Melton
                **Mark F. Vilar**    **#25918**
                **Barbara Bell Melton**    **#27956**
                P. O. Box 12730
                Alexandria, LA 71315-2730
                (318) 442-9533

                **ATTORNEYS FOR PLAINTIFF,
STEADMAN CONCEPTS, INC.**